Reese, J.,
delivered the opinion of the court.
The defendant in error brought this suit to recover damages for the continuance of an alleged nuisance, damages having been recovered by him in a former action, upon the same ground. He obtained a verdict, and a judgment thereon was rendered in his behalf; to reverse which the plaintiffs in error have prosecuted an appeal to this court. The nuisance al-ledged is, that a mill dam of the plaintiffs’ in error, by them erected and kept up, on a stream below the residence of the defendant in error, is so located as to overflow the grounds of the defendant in error; to cover up and render useless certain springs of flesh water, and to create in the neighborhood of *21 bis residence, ponds of stagnant water, injurious to the health of his family.
Note. — For a very complete and satisfactory collection and classification of the cases upon this branch of the law, which is becoming- every day more and more important in this country, see Angelí on Watercourses. The fourth chapter treats of the particular brand} of the subject considered in this case, As to the relative rights of the proprietors of mjll sites upon the same stream see Bigelow vs. Newell, 10 Pickering, 348. Whether a lower proprietor on a stream may raise a dam, so as to obliterate and submerge a fall higher up, and thereby prevent the erection of a mill on a suitable site'J is a question which is left undetermined. The case decides that where an upper proprietor has actually built, or is building a mill thereon, a lower proprietor cannot, without a right acquired by grant, prescription, or actual use, erect a new dam, or raise an old one, so as to destroy the upper mill privilege, simply under a liability to pay damages. 10 Pick. 357.
*21 Evidence was heard by the jury tending to establish the truth of these several allegations.
It is insisted here, that the construction of a mill, upon a site adapted to such an end, is an appropriate use of the owner’s property, in the enjoyment of which he cannot be restrained by his neighbor, upon the ground that such use is inconsistent with the proper use and enjoyment, by the latter of his property; and that therefore the accumulation, by means of a dam, of a large pond of stagnant water, near die premises of another, affecting the health of his family, so as to render his dwelling not safely habitable, does not constitute an injury, for which he can have redress by action in a court of justice.
To this proposition we cannot assent. Every individual, indeed, has a right to make the most profitable use of that which is his own, so that he does not injure others in the enjoyment of what is theirs. And it is conceded also, that if one, in the cautious and prudent use of property, in a manner appropriated to its nature and character, produce some annoyance to his neighbors, such person, though sustaining some loss, has suffered no legal injury which can be redressed. But to dam up a stream, and create pools of stagnant water upon, or near to, the premises of another, poisoning the atmosphere, generating disease, and impairing the enjoyment of that most valuable of absolute rights, health, cannot be called the cautious and prudent use of property in an appropriate manner. To do so is to violate the injunction, sic utere tuo ut alienum non leudas.
Of the facts establishing the nuisance, and of the extent of the injury, the jury are the proper judges. There seems to be no want of evidence to sustain their verdict, nor any error in the charge of the court, and the judgment, therefore, will be affirmed.
The facts in this case are stated at large with a view of showing that the case is an authority, that merely overflowing the land of an upper proprietor, is an actionable injury, since it will be seen that the evidence is pretty equally balanced as to the Joss or damage occasioned the plaintiff by the inundation. — Reporter.